UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT LEE HAYES,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY et al.,

               Defendants.

CASE NO. 3:25-cv-05773-DGE

ORDER GRANTING MOTION TO SET ASIDE DEFAULT (DKT. NO. 12)

This matter comes before the Court on Defendants' motion to set aside default.[1]  (Dkt. No. 12.)  Having considered the motion, Plaintiff's response in opposition (Dkt. No. 15), and Defendants' rely in support (Dkt. No. 17), the Court GRANTS the motion.

---

[1] Defendants' motion, titled "Motion to Vacate Order on Motion for Default," is brought pursuant to Federal Rule of Civil Procedure 60(b)(4), under which a court may relieve a party from a final judgment or order if "the judgment is void."  However, default judgment has not been entered in this case; only an order of default.  (*See* Dkt. No. 10.)  As discussed below, Federal Rule of Civil Procedure 55(c) is the proper procedure for setting aside an entry of default.  Because Rule 55(c)"is the same as is used to determine whether a default judgment should be set aside under Rule 60(b)," the Court will construe Defendants' motion as requesting

ORDER GRANTING MOTION TO SET ASIDE DEFAULT (DKT. NO. 12) - 1

## I      BACKGROUND

On September 3, 2025, Plaintiff filed suit against the Commissioner of Social Security, Susan Reynolds—an employee for the Commission of Social Security—and Ms. Reynolds's husband pursuant to Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.  (Dkt. No. 1–2.)  The Clerk of Court issued a summons (Dkt. No. 6) and proof of service was filed on September 10, 2025 and September 20, 2025.  (Dkt. Nos.7, 8.)  The first proof of service of the summons and complaint indicates that the summons was served on September 5, 2025, on Preethi Broossard, manager of Commissioner of Social Security, located at 2608 South 47th Street, Tacoma, Washington 98371.  (Dkt. No. 7.)  The second proof of service of the summons and complaint reflects that the summons was sent by certified mail on September 4, 2025 to "Commissioner of Social Security at 6401 Security Boulevard, Baltimore, Maryland 21235."  (Dkt. No. 8.)  On December 16, 2025, Plaintiff moved for default.  (Dkt. No. 9.)  On January 5, 2026, the Clerk entered default against Defendants.  (Dkt. No. 10.)

On January 7, 2026, Defendants filed a notice of appearance and moved to set aside entry of default.  (Dkt. Nos. 11, 12.)  On January 8, 2026, Plaintiff filed an amended complaint, adding the United States of America as a defendant.[2]  (Dkt. No. 14.)

## II      LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause.  Courts consider three factors to determine good case: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no

to set aside the entry of default.  *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

[2] On January 23, 2026, Plaintiff filed a proof of service of summons and complaint.  (Dkt. No. 16.)  The proof of service indicates that on January 20, 2026, a process server served "Chaz Johnson" located 2700 Lord Baltimore Drive, Windsor Mill, Maryland 21244.  (*Id.*)

ORDER GRANTING MOTION TO SET ASIDE DEFAULT (DKT. NO. 12) - 2

meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Mesle*, 615 F.3d at 1091.  A court may refuse to set aside entry of default if it finds any of these factors is present—i.e. that the defendant engaged in culpable conduct, lacks a meritorious defense, or relief would prejudice the plaintiff.  *Id.*  The court's discretion as to whether the moving party establishes good cause "is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).  Because "a case should, whenever possible, be decided on the merits," *Mesle*, 615 F.3d at 1091 (citation omitted), "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of" setting aside the default.  *Mendoza*, 783 F.2d at 945–46 (citation omitted).

### III       ANALYSIS

The three *Mesle* factors establish good cause to set aside the entry of default against Defendants to resolve Plaintiff's claims on the merits.

### A. Defendants Did Not Engage in Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092.  A "conscious choice not to answer" a complaint is not enough; "the movant must have acted with bad faith." *Id.*

Here, the record indicates that no Defendant was properly served with a copy of the summons and complaint.  First, neither of the two proofs of service indicate either Mr. or Mrs. Reynolds were served.  (*See* Dkt. Nos. 7, 8.)  Second, to serve a United States agency, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. Pro. 4(i)(2).  There is no evidence in the

ORDER GRANTING MOTION TO SET ASIDE DEFAULT (DKT. NO. 12) - 3

record that Plaintiff attempted to serve the United States pursuant to Federal Rule of Civil Procedure 4(i)(1). Defendants therefore did not engage in culpable conduct as they had no notice of the lawsuit.

### B. Defendants Raise a Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citation omitted). A defendant need only "allege sufficient facts that, if true, would constitute a defense." *Id.*

Plaintiff filed suit against Defendants pursuant to the FTCA. (Dkt. No. 1.) The United States is the only proper party defendant in an FTCA action. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). Thus, Plaintiff improperly filed suit against the Commissioner of Social Security and Mr. and Mrs. Reynolds. "The FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own name. A claim against [a federal agency] in its own name is not a claim against the United States." *Kennedy*, 145 F.3d at 1078 (citation omitted). Defendants' argument, at minimum, establishes a "legally cognizable defense[]" as to the sufficiency of the complaint. *Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-cv-00602-NC, 2014 WL 1724850, at *3 (N.D. Cal. Apr. 29, 2014).

### C. Plaintiff Would Not Be Prejudiced by the Relief

Prejudice occurs when a plaintiff's ability to pursue their claim would be hindered by setting aside the entry of default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141

(2001). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.*

The Court concludes Plaintiff would not be prejudiced by setting aside the default. Defendants have just recently appeared in this matter, and no answers or substantive motions have been filed. There is no reason to believe the delay here would result in a "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.*

In sum, the three *Mesle* factors establish good cause to set aside the entry of default against Defendants under Rule 55(c).

## IV    CONCLUSION

Defendants' motion to set the entry of default (Dkt. No. 12) is GRANTED. The Clerk of Court is directed to set aside the entry of default against Defendants. The Court recognizes that the United States is the only proper defendant in this matter moving forward. Consequently, the Court DIMISSES with prejudice Defendants Commissioner of Social Security, Susan Reynolds, and John Doe Reynolds, leaving the United States as the sole defendant in this action.

Because Plaintiff's attempted service on Defendants did not include service on the United States, Plaintiff must still properly serve the United States for this action to continue. The Court will provide him with additional time to complete this requirement. Plaintiff will have until **February 16, 2026**, to serve the United States with the summons and his complaint in accordance with the requirements of Rule 4(i) of the Federal Rules of Civil Procedure. Plaintiff will then need to file a proof of service with the Court demonstrating the United States was served. Failure to properly serve the United States by that date may result in dismissal of the case.

ORDER GRANTING MOTION TO SET ASIDE DEFAULT (DKT. NO. 12) - 5

Dated this 2nd day of February, 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO SET ASIDE DEFAULT (DKT. NO. 12) - 6