UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT LEE HAYES,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY et al.,<br><br>　　　　　Defendant. | CASE NO. 3:25-cv-05773-DGE<br><br>ORDER GRANTING MOTION<br>FOR LEAVE TO FILE SECOND<br>AMENDED COMPLAINT (DKT.<br>NO. 20) |

This matter comes before the Court on Plaintiff's motion for leave to file second amended complaint.  (Dkt. No. 20.)  For the reasons addressed below, the motion is GRANTED.

## I　BACKGROUND

On September 3, 2025, Plaintiff filed suit against the Commissioner of Social Security, Susan Reynolds, and John Doe Reynolds pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.  (Dkt. No. 1–2.)  The Clerk of Court issued a summons (Dkt. No. 6) and proof of service was filed on September 10, 2025 and September 20, 2025 (Dkt. Nos. 7, 8).  Plaintiff moved for default (Dkt. No. 9), which the Clerk entered on January 5, 2026 (Dkt. No. 10).

ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 20) - 1

Defendants moved to set aside entry of default.  (Dkt. No. 12.)  On January 8, 2026, Plaintiff filed his first amended complaint, adding the United States of America as a defendant.  (Dkt. No. 14.)

The Court, concluding the United States was the only proper defendant in the lawsuit, granted the motion to set aside default and dismissed with prejudice the Commissioner of Social Security and Mr. and Mrs. Reynolds from the case, leaving the United States as the sole defendant.  (Dkt. No. 18 at 5.)

On February 2, 2026, Plaintiff moved for leave to file a second amended complaint "in accordance with this Court's ruling."  (Dkt. No. 20 at 2.)

## II    DISCUSSION

Typically, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  While courts favor granting leaves to amend, five factors can lead courts to deny such motions: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) [if] the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The Court understands Plaintiff's motion as seeking to file a second amended complaint to add the United States as a defendant in this action.  Plaintiff has already named the United States as a defendant in his January 8, 2026 amended complaint.  (*See* Dkt. No. 14.)  Although

ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 20) - 2

the Court believes it is unnecessary to file a second amended complaint to name the United States as the only defendant, it may be helpful to have a clean operative complaint.

Therefore, the Court GRANTS Plaintiff leave to file a second amended complaint for the limited purpose of naming the United States as a defendant; Plaintiff shall not assert additional claims or allege new facts in his second amended complaint.  Plaintiff shall file his second amended complaint on or before **March 10, 2026** and thereafter properly serve Defendant with the second amended complaint.

Dated this 24th day of February, 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 20) - 3