UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT LEE HAYES,<br><br>Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05773-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 27) |

Before the Court is Defendant United States of America's motion to dismiss (Dkt. No. 27) Plaintiff's second amended complaint (Dkt. No. 26) pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court GRANTS the motion.

## I BACKGROUND

On February 24, 2026, Plaintiff, proceeding *pro se*, filed his second amended complaint. (Dkt. No. 26.) He asserts that on June 27, 2023, he applied for Supplemental Security Income from the Social Security Administration, and his application was denied September 8, 2023. (*Id.* at 2.) Plaintiff alleges his application was denied because he "had undisclosed resources from

multiple bank accounts" exceeding the Supplemental Security Income resource limits. (*Id.* at 2–3.) On September 21, 2023, Plaintiff filed a request for reconsideration along with bank statements and three years of Amazon purchases to show his limited funds. (*Id.* at 3.)

On November 15, 2023, Plaintiff met with a Social Security representative who informed Plaintiff she reviewed the bank statements and Amazon purchase history, but that she needed additional information. (*Id.*) Plaintiff alleges that at this informal meeting, the representative informed Plaintiff that she would "review everything and let [Plaintiff] know her decision in a few days and that she would provide [Plaintiff] a **detail**[ed] explanation as to her decision." (*Id.* at 4.) However, Plaintiff did not receive a decision from the representative. (*Id.*) Therefore, on January 2, 2024, Plaintiff went back to the local Social Security office and met with the local office manager who informed Plaintiff the system did not show the documents he provided. (*Id.*) Plaintiff's request for reconsideration was subsequently denied. (*Id.* at 5.) Plaintiff alleges that in a different case filed in this District, he learned that the Social Security representative "made several unsupported statements about" Plaintiff in various "Selected Reports."[1] (*Id.* at 5–7.)

Plaintiff alleges that the Social Security representative made false statements about him including that he "was unhappy with Umpqua Bank" and "had sent multiple letters to the Bank" to that effect, "threw around his attorney card to . . . get his way," and insisted an Umpqua Bank employee write and send a letter to the Social Security Administration. (*Id.* at 7.) Plaintiff further alleges that the representative improperly reviewed his IOLTA trust account,[2] which he describes as a "private account which is where client trust moneys belong." (*Id.* at 10.)

---

[1] This case was dismissed for failure to exhaust administrative remedies. *See Hayes v. Commissioner of Social Security,* Case No. C24-5141-TLF, Dkt. No. 15 at 8 (W.D. Wash. 2024).

[2] "IOLTA" stands for "Interest on Lawyers' Trust Account." Wash. R. Prof. Conduct 1.15A(i)(1).

Plaintiff brings forth four causes of action: (1) defamation of character, (2) invasion of privacy, (3) negligence, and (4) violation of the Washington Consumer Protection Act. (*Id.* at 7–13.)

On April 3, 2026, the United States moved to dismiss Plaintiff's complaint. (Dkt. No. 27.) The United States argues Plaintiff fails to identify a waiver of sovereign immunity, and neither the Federal Tort Claims Act ("FTCA") nor the Social Security Act provide a waiver. (*Id.* at 1.) Specifically, the United States argues the Court lacks jurisdiction under the FTCA because Plaintiff failed to exhaust his administrative remedies, and the claims are barred by the intentional torts exception.[3] (*Id.* at 1–2.) The United States further contends the Court lacks jurisdiction under the Social Security Act because Plaintiff's claims fall outside the limited scope of the Act's waiver of sovereign immunity. (*Id.* at 2.)

## II LEGAL STANDARD

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause of action lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction" (internal citations omitted)). A challenge to subject matter jurisdiction can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The United States brings a facial challenge by arguing sovereign immunity. *See*

[3] In his response to the motion to dismiss, Plaintiff attaches documentation tending to show that he has exhausted his administrative remedies. (Dkt. No. 30-1 at 18–19.) However, when ruling on a Rule 12(b) motion to dismiss, district courts may only consider documents attached to the complaint, incorporated by reference in the complaint, or documents that can be judicially noticed. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff's exhibit does not fall within either of these three categories. Thus, the Court cannot consider the exhibit attached to Plaintiff's response.

*Keegan v. U.S.*, Case No. C24-0656-KKE, 2025 WL 437924, at *2 (W.D. Wash. Feb. 7, 2025). A facial challenge to a court's subject matter jurisdiction "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. A court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F. 3d 1117, 1121 (9th Cir. 2014).

**III DISCUSSION**

Generally, the United States and federal agencies are immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 568 U.S. 6, 9 (2012) (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992)). "As the party asserting a claim against the United States, [the plaintiff] has the burden of 'demonstrating unequivocal waiver of immunity.'" *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).

Plaintiff's second amended complaint does not plead any facts tending to show an unequivocal waiver of sovereign immunity. While the complaint alleges that the United States, through its employee, committed torts against him in the process of reviewing his denial of benefits, which *could* implicate either the FTCA or the Social Security Act, nowhere in the complaint does Petitioner explicitly state he is bringing forth a claim under either of these statutes.[4] It is Plaintiff's burden to allege the Court has subject matter jurisdiction. *Leite*, 749

[4] The Court acknowledges the United States' argument that any leave to amend should be denied as futile because the FTCA excludes Plaintiff's claims, and the Social Security Act limits the Court's jurisdiction solely to judicial review of the agency's denial of benefits. (Dkt. No. 27 at

F.3d at 1121. Without sufficient allegations to support a waiver of sovereign immunity, the Court grants the United States' motion to dismiss for lack of subject matter jurisdiction.

If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Because it is not clear that Plaintiff could not possibly cure the defects in his complaint, the Court grants leave to amend.

## IV CONCLUSION

Having considered United States' motion to dismiss, the briefing of the Parties, and the remainder of the record, and for the reasons stated herein, the Court GRANTS the United States' motion to dismiss. (Dkt. No. 27.) The Court grants Plaintiff leave to amend his complaint to correct the identified deficiencies. Any amended complaint must be filed no later than **October 5, 2026**. If an amended complaint is not filed by October 5, 2026, this case will be closed.

The Clerk is directed to calendar this event.

Dated this 4th day of September, 2026.

David G. Estudillo
United States District Judge

5–9.) However, because Plaintiff does not identify these statutes himself, the Court will not analyze these claims unless and until Plaintiff affirmatively presents his claims under either of these statutes. The United States may re-raise these arguments should Plaintiff amend his complaint to allege liability under the FTCA or the Social Security Act.